**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN EDMUNDSON, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.   1:19-cv-05835 |
| v. | ) ) | JURY DEMANDED |
| AMAZON.COM, INC., | ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, RYAN EDMUNDSON (hereinafter "Edmundson" or "Plaintiff"), individually and on behalf of the proposed class, by and through his attorneys, Blaise & Nitschke, P.C., and submits his class action complaint against AMAZON.COM, INC. (hereinafter "AMAZON" or "Defendant"). In furtherance whereof, Plaintiff states as follows:

## NATURE OF THE CASE

1.      This is a consumer class action based upon Defendant's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, *et seq*. Specifically, Defendant is selling banned, unsafe, mislabeled and/or recalled products on its website, thereby endangering the  health, safety and welfare of the consuming public.

## PARTIES

2.      Plaintiff RYAN EDMUNDSON is an individual, and at all times mentioned in this Complaint, was residing in Skokie, Illinois, Cook County.

3.      Defendant AMAZON.COM, INC. is Foreign Limited Liability Company incorporated in Delaware with its corporate headquarters and principal place of business at 1200

12th Avenue South, Suite 1200, Seattle, Washington 98114-2734 and registered to conduct

business in the State of Illinois and maintains a registered agent for service of process in the

State of Illinois, namely Illinois Corporation Service C, 701 Adlai Stevenson Drive, Springfield,

IL 62703.

## JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 (a) because the

parties are citizens of different states and the amount in controversy exceeds the sum or value of

$75,000.00.

5.      Venue is appropriate in the United States District Court for the Northern District

of Illinois pursuant to 28 U.S.C. §1391 (b) because a substantial part of the events giving rise to

the claims alleged herein occurred in this judicial district.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367, which

gives the district court supplemental jurisdiction over state law claims.

## STATEMENT OF FACTS

7.      AMAZON has consistently abused its market power to sell thousands of banned,

unsafe, mislabeled and/or recalled products to the unknowing consuming public.

8.      A Wall Street Journal investigation found 4,152 items for sale on

Amazon.com, Inc.'s site that have been declared unsafe by federal agencies, that are deceptively

labeled, or that are banned by federal regulators—items that big-box retailers' policies would bar

from their shelves. Among those items, at least 2,000 listings for toys and medications lacked

warnings about health risks to children. *See* https://www.wsj.com/articles/amazon-has-ceded-

control-of-its-site-the-result-thousands-of-banned-unsafe-or-mislabeled-products-

11566564990?ns=prod/accounts-wsj.

9.     The Wall Street Journal identified at least 157 items for sale that AMAZON had

said it banned, including sleeping mats the Food and Drug Administration warns can suffocate

infants. The Journal commissioned tests of 10 children's products it bought on Amazon.com,

many promoted as "Amazon's Choice." Four failed tests based on federal safety standards,

according to the testing company, including one with lead levels that exceeded federal limits. *See*

https://www.wsj.com/articles/amazon-has-ceded-control-of-its-site-the-result-thousands-of-

banned-unsafe-or-mislabeled-products-11566564990?ns=prod/accounts-wsj.

10.     Jeffrey P. Bezos, the Founder and Chief Executive Officer of Amazon, wrote to

the company's shareholders in 2018, stating the importance of third party sellers to the Amazon

platform as follows:

> To our shareowners: Something strange and remarkable has happened over the last 20
> years. Take a look at these numbers:
>
> - 1999-3%;
> - 2000-3%;
> - 2001- 6%
> - 2002 -17%
> - 2003- 22%
> - 2004 -25%
> - 2005- 28%
> - 2006 -28%
> - 2007- 29%
> - 2008 -30%
> - 2009 -31%
> - 2010 -34%
> - 2011- 38%
> - 2012 -42%
> - 2013 -46%
> - 2014 -49%
> - 2015- 51%
> - 2016 -54%
> - 2017- 56%
> - 2018- 58%

*See* https://amazonir.gcs-web.com/static-files/4f64d0cd-12f2-4d6c-952e-bbed15ab1082?mod=article_inline. Bezos went on to state: "The percentages represent the share of physical gross merchandise sales sold on Amazon by independent third party sellers – mostly small- and medium-sized businesses – as opposed to Amazon retail's own first party sales. Third-party sales have grown from 3% of the total to 58%. To put it bluntly: Third-party sellers are kicking our first party butt. Badly." *Id.*

12.     Third-party sellers are crucial to Amazon because their sales have exploded—to nearly 60% of physical merchandise sales in 2018 from 30% a decade ago, Amazon says. *See* https://www.wsj.com/articles/amazon-has-ceded-control-of-its-site-the-result-thousands-of-banned-unsafe-or-mislabeled-products-11566564990?ns=prod/accounts-wsj.

13.     To test the effectiveness of Amazon's safety practices, the Wall Street Journal analyzed listings on Amazon between May and early August, and hired a federally certified testing company to examine certain items bought on Amazon. Among the findings:

•116 products were falsely listed as "FDA-approved" including four toys—the agency doesn't approve toys—and 98 eyelash-growth serums that never undertook the drug-approval process to be marketed as approved.

•43 listings for oral benzocaine, a pain reliever, lacked advised FDA labels warning against use on children under 2.

•80 listings matched the description of infant sleeping wedges the FDA has warned can cause suffocation and Amazon has said it banned.

•52 listings were marketed as supplements with brand names the FDA and Justice Department have identified as containing illegally imported prescription drugs.

•1,412 electronics listings falsely claimed to be UL certified—indicating they met voluntary industry safety standards—or didn't provide enough information to verify the claim.

•The Journal analyzed 3,644 toy listings for federally required choking-hazard warnings. Regulators don't provide databases of toys requiring the warning, so the Journal compared the Amazon listings with the same toys on Target.com and found that 2,324, or 64%, of the Amazon listings lacked the warnings found on the Target listings.

•In addition to the 4,152 items, the Journal initially found 4,510 balloons lacking required choking-hazard warnings listed.

See https://www.wsj.com/articles/amazon-has-ceded-control-of-its-site-the-result-thousands-of-banned-unsafe-or-mislabeled-products-11566564990?ns=prod/accounts-wsj

14.    Plaintiff purchased Numb-ify Numbing Cream 5% Lidocaine Extra Strength Anesthetic - Numb-ify's Strongest/Best Pain Relief & Numbing Cream (2oz) from a third party seller to his detriment as the product was recalled by the United States Consumer Product Safety Commission on or about November 1, 2018. See United States Consumer Products Safety Commission's *Pain Relief Naturally Recalls Pain and Itch Relief Creams, Sprays and Gels Due to Failure to Meet Child Resistant Closure Requirement; Risk of Poisoning (Recall Alert)* attached hereto and incorporated herein as Exhibit A.

15.    Plaintiff purchased Gillette Simply Venus 3 Blade Disposable Razors 4 Each (Pack of 9) from a third party seller to his detriment as the product was recalled on or about June 27, 2019 by the United States Consumer Product Safety Commission. See United States Consumer Products Safety Commission's Recall: *Gillette Recalls Venus Simply 3 Disposable Razors Due to Laceration and Injury Hazards* attached hereto and incorporated herein as Exhibit B.

16.    To the extent that AMAZON asserts that any waiver of class action claims and/or enforcement of arbitration clause(s) are applicable to the allegations contained in this Complaint, Plaintiff contends that such provisions are not enforceable as to Plaintiff given AMAZON'S non-compliance with its own conditions of use and/or are void as against public policy given AMAZON'S fraudulent and/or deceptive business practices operating to the detriment of consumers.

## COUNT I (Class)
### Violation of the Illinois Consumer Fraud and Deceptive Business Practice
### 815 ILCS 505/1, *et seq.*

17.     Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this Complaint.

18.     Plaintiff brings this claim individually and on behalf of the following putative

class:

> **All persons having purchased in the State of Illinois or for delivery to
> any address in Illinois any recalled products pursuant to the United
> States Consumer Product Safety Commission's website cpsc.gov
> within the past three years from September 1, 2016 through
> September 1, 2019 (the "Class")**

19.     The Class is so numerous that joinder of all individual members in one action

would be impracticable, given the expected Class size and modest value of individual claims.

20.     On information and belief, there are more than 1,000 persons meeting the above-

referenced Class definition. Class members can be identified through Defendant's records.

21.     Plaintiff's claims are typical of the claims of the Class members, as they are based

on the same legal theory and arise from the same unlawful conduct.

22.     There are common questions of law and fact affecting members of the Class,

which common questions predominate over questions that may affect individual members. These

common questions include, but are not limited to:

   a.   Whether Defendant sells recalled products on Amazon.com;

   b.   Whether third party sellers place for sale recalled products on Amazon.com;

   c.   Whether Defendant has any policies or procedures in place to safeguard

        purchasers against inadvertently purchasing recalled, dangerous, and/or

        expired products from Amazon.com; and

    d.  Whether third party sellers are required to execute agreements with Amazon to ensure the safety of the products.

23.    Plaintiff will fairly and adequately represent the Class members. Plaintiff has no interests that conflict with the interests of Class members. Plaintiff has retained counsel experienced in handling consumer cases and class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue these claims vigorously.

24.    This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

25.    That at all times relevant herein, there existed in full force and effect the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq*. (hereinafter "The Act").

26.    The Act makes it unlawful to employ:

"[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce."

815 ILCS 505/2.

27.    As detailed throughout Plaintiff's Complaint, AMAZON has committed deceptive practices in performing the acts described herein and failing to perform the acts described herein because these practices were unfair, unlawful, and/or fraudulent.

28.    As a proximate cause of Defendants deceptive business practices as alleged herein, Plaintiffs have suffered an injury in fact having lost or deprived of money or property in

an amount to be proven at trial. AMAZON's conduct in violation of the Act has caused and continues to cause actual and substantial damage to Plaintiff individually and on behalf of the proposed Class.

29.     AMAZON's unfair, unlawful, or fraudulent acts and practices present a continuing threat to Plaintiffs and to members of the public in that these acts and practices are ongoing and are harmful and disruptive to consumers.

30.     As a direct and proximate result of the aforementioned acts and practices, AMAZON has taken and received and continues to hold, as ill-gotten gains, monies owing to and owned by consumers, which should be restored to its rightful owners, Plaintiff and the proposed class.

31.     AMAZON's lack of quality controls are ongoing, continue to the present, and will continue unless relief enjoining these practices is granted. Plaintiffs have no adequate remedy at law as to AMAZON'S ongoing practices.

## <u>COUNT II (Class)</u>
## Violation of the Illinois Uniform Deceptive Trade Practices Act
## 815 ILCS 510/2, *et seq*.

32.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

33.     Plaintiff brings this claim individually and on behalf of the proposed class against Defendant.

34.     The Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, *et seq*. makes it unlawful to "cause likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services." 815 ILCS 510/2(a)(2). It is also

unlawful to cause likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another." 815 ILCS 510/2(a)(3).

35.     The Illinois Uniform Deceptive Trade Practices Act makes it unlawful to "advertise goods or services with intent not to sell them as advertised." 815 ILCS 510/2(a)(9). It is also unlawful to "engage in any other conduct which similarly creates a likelihood of confusion or misunderstanding." *Id*. at (a)(12).

36.     Defendant violated and continues to violate Section 510/2 of the Illinois Uniform Deceptive Trade Practices Act by selling recalled products on Amazon.com. AMAZON's misrepresentations about its quality of products places consumers in danger.

37.     Plaintiff and the proposed class were damaged by AMAZON's selling of recalled products and their subsequent sales of third party sellers on the site. Plaintiff and the proposed class would not have purchased such products had true facts been known.

**COUNT III**
**ACTION FOR TEMPORARY RESTRAINING ORDER ("TRO") AND PRELIMINARY AND PERMANENT INJUNCTION**

38.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

39.     Plaintiff seeks the entry of a temporary restraining order and a preliminary and permanent injunction to return the Parties to, and to maintain the status quo that existed and was to exist among the Parties, including but not limited to:

   a.   requiring that Amazon immediately cease and desist selling recalled products on Amazon.com;

   b.   requiring that Amazon immediately remove all recalled products on Amazon.com from its website such that they are unavailable for purchase; and

9

    c.   requiring that Amazon immediately issue a public statement on its website regarding their plan to cease and desist sale of recalled products.

40.    Injunctive relief to return the Parties to the status quo ante is appropriate under the circumstances because Defendants have been selling banned, unsafe, recalled and/or mislabeled products to the unknowing consuming public.

41.    The selling banned, unsafe, recalled and/or mislabeled products to the unknowing consuming public cannot be remedied by an award of money damages or through the granting of other relief.

42.    Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm by reason of the conduct described above. Such immediate and irreparable harm includes, but is not limited to, physically being endangered or endangering others as a result of the selling banned, unsafe, recalled and/ or mislabeled products to the unknowing consuming public.

43.    Plaintiff does not have an adequate remedy at law to protect and re-establish the rights which currently have been, and continue to be, violated by Defendant's actions. Plaintiff's rights cannot be obtained except through injunctive relief returning the Parties to the status quo ante.

44.    Entering the injunctive relief the Plaintiff is seeking will cause the Defendant no economic harm. Defendant has no right, whatsoever, to sell banned, unsafe, recalled and/or mislabeled products to the unknowing consuming public.

45.    Defendant will suffer no loss, economic or otherwise, if compelled to act in accordance with the law, by refraining from selling banned, unsafe, recalled and/or mislabeled products to the unknowing consuming public.

There is a reasonable likelihood that the Plaintiff will succeed on the merits of his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RYAN EDMUNDSON, individually and on behalf of the proposed class, by and through his attorneys, Blaise & Nitschke, P.C., prays this Court enter judgment in favor of Plaintiffs and against Defendant, AMAZON.COM, INC. in an amount to be proven at trial, grant a TRO and preliminary injunction pending a full hearing on the merits returning the Parties to the status quo ante, and such other relief as the Court deems just, proper, and equitable, including but not limited to compensatory damages, consequential damages, punitive damages, pre-judgment interest, costs and expenses of suit, and such reasonable attorneys' fees as the law may permit.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of all matters so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with sale of recalled products.  These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount

as a court awards. All rights relating to attorney's fees have been assigned to counsel.

Respectfully submitted,
Plaintiff, RYAN EDMUNDSON,

By:     */s/ Heather L. Blaise*
One of his attorneys

Blaise & Nitschke, P.C.
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
hblaise@blaisenitschkelaw.com
ARDC No. 6298241

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 29, 2019, she caused the foregoing instrument

to be electronically filed with the Clerk of the United States District Court for the Northern

District of Illinois using the CM/ECF system.

*/s/ Heather L. Blaise*
Heather L. Blaise

**Blaise & Nitschke, P.C.**
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
hblaise@blaisenitschkelaw.com
ARDC No. 6298241