UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RYAN EDMUNDSON,

        Plaintiff,

        v.

AMAZON.COM, INC.,

        Defendant.

No. 19 C 5835

Judge Thomas M. Durkin

ORDER

Amazon has moved to compel arbitration. Amazon contends that anyone who purchases products from its website is required to check a box agreeing to conditions of use that include an arbitration clause. Amazon has attached the conditions of use that was in effect for its customers at the time of the alleged purchases. But Amazon contends that it cannot show that Edmundson agreed to the conditions of use because it does not know Edmundson's email address, and Edmundson has refused to give Amazon that information.

Edmundson argues that Amazon's motion to compel arbitration should be denied because Amazon "fails to show the specific written agreement to arbitrate." R. 28 at 4. Edmundson argues further that Amazon "fails to cite any authority . . . that would require Plaintiff to voluntarily produce such information without formal discovery requests." R. 28 at 3. But it is not unusual for district courts to order discovery tailored to determining arbitrability of a claim. *See Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1037 (7th Cir. 2012). Edmundson may technically be correct that

there is no authority requiring him to disclose his email address. But the centrality of that information to his claim made it unreasonable for him to refuse.

Other than his argument that Amazon has failed to produce the arbitration agreement, Edmundson makes only undeveloped arguments that Amazon has failed to show: (1) that the arbitration agreement is valid; and (2) that Edmundson's claims are within the scope of the agreement. Edmundson's brief includes more than three pages describing the standard for validity and enforceability of an arbitration agreement. But he never applies those standards to the agreement Amazon identifies as the relevant agreement. Edmundson argues that Amazon should not be permitted to arbitrate claims because it "has consistently abused its market power to sell thousands of banned, unsafe, mislabeled and/or recalled produced." R. 28 at 8. But that argument is not relevant to the scope of the agreement or whether the agreement itself might be against public policy.

Therefore, Edmundson is ordered to disclose to Amazon by March 10, 2020 the email address he used to make the purchases at issue in this case. Amazon should then produce to Edmundson by March 24, 2020 whatever evidence exists showing that Edmundson agreed to the conditions of use and the arbitration clause when he made the purchases at issue. Edmundson should then review that evidence and consider whether he will consent to having this case stayed in favor of arbitration. The parties should file a joint stipulation by March 31, 2020, stating whether Edmundson continues to object to arbitration, and if so, whether Amazon continues to seek to compel it. If Edmundson no longer objects to arbitration, the Court will stay

this case and order arbitration. If Edmundson continues to object to arbitration, and Amazon still wants to compel it, Amazon should file a renewed motion to compel arbitration by April 7, 2020. The status hearing set for 4/9/2020 is vacated.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated:  March 5, 2020

3