UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RYAN EDMUNDSON,

          Plaintiff,

          v.

AMAZON.COM, INC.,

          Defendant.

No. 19 C 5835

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Ryan Edmundson alleges that he bought unsafe or recalled products on Amazon.com, and that Amazon's sale of these products violated the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Uniform Deceptive Trade Practices Act. Amazon has moved to compel arbitration based on a clause in its "Conditions of Use" which every customer must agree to when buying products on Amazon. R. 13; R. 43. For the following reasons, Amazon's motion is granted.

## Legal Standard

Motions to compel arbitration are reviewed under a summary judgment standard. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The "opposing party must demonstrate that a genuine issue of material fact warranting a trial exists." *Id.* "[T]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.*

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, "governs the enforcement, validity, and interpretation of arbitration clauses in commercial

contracts in both state and federal courts." *Jain v. de Mere*, 51 F.3d 686, 688 (7th Cir. 1995). The FAA provides that an arbitration clause in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Under the Federal Arbitration Act, arbitration may be compelled if the following three elements are shown: [1] a written agreement to arbitrate, [2] a dispute within the scope of the arbitration agreement, and [3] a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). "To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012).

## Analysis

### I.    The Relevant Agreement

Amazon has filed an affidavit stating that in order to purchase products from its website, all customers must click a checkbox indicating that that the customer has read and agreed to the website's "Conditions of Use." Amazon contends that its Conditions of Use always contain an arbitration clause. Edmonson does not challenge this assertion or contend that he did not agree to the Conditions of Use.

Instead, Edmundson contends that Amazon has not met its burden to establish that there is written agreement to arbitrate between him and Amazon because Amazon has failed to identify the version Conditions of Use Edmundson agreed to when he created his Amazon account. But to the extent Edmonson agreed to

2

Conditions of Use when he created his Amazon account, that is irrelevant. As Amazon's affidavit states, and Edmundson does not challenge, Amazon customers agree to Conditions of Use every time they make a purchase. This also can be confirmed easily by visiting Amazon's website and beginning the process of making a purchase. That is why the Court previously ordered Amazon to produce the Conditions of Use in effect when Edmonson made the purchases relevant to this case, not the Conditions of Use in effect when he created his Amazon account. *See* R. 33.

The parties complied with the Court's previous order and Amazon produced the Conditions of Use Edmundson agreed to when he made the purchases at issue in this case. Those Conditions of Use include an arbitration clause that Amazon relies upon on this motion.

Edmondson does not dispute that he agreed to the Conditions of Use Amazon has produced when he made the purchases at issue in this case. Those Conditions of Use contain an arbitration clause. Thus, Amazon has met its burden to identify a written agreement to arbitrate.

## II.  Scope of the Agreement

The Conditions of Use provide:

> Any dispute or claim relating in any way to your use of any Amazon Service, or to any products or services sold or distributed by Amazon or through Amazon.com will be resolved by binding arbitration, rather than in court, except that you may assert claims in small claims court if your claims qualify.

R. 44-1 at 2 (¶ 6). Edmundson's brief includes a section whose heading states that "plaintiff's claims are not within the scope of the arbitration agreement." R. 45 at 9.

3

But that section only argues that the clause is unconscionable and does not actually address the clause's scope. Whether the clause is unconscionable is not relevant to its scope. Thus, Edmundson has waived any argument that his claims do not fall within the scope of the arbitration clause.

## III. Unconscionability

The Illinois Supreme Court has explained that an arbitration clause can be unconscionable and void if it "is so capable of producing harm that its enforcement would be contrary to the public interest." *Country Preferred Ins. Co. v. Whitehead*, 979 N.E.2d 35, 42-43 (Ill. 2012). However, a court's "power to declare a private contract invalid on public policy grounds [should be] exercised sparingly," and only when the arbitration clause "is clearly contrary to what the constitution, the statutes, or the decisions of the courts have declared to be the public policy of Illinois, or unless it is manifestly injurious to the public welfare." *Id.* The party seeking to invalidate an arbitration clause has "a heavy burden of demonstrating a violation of public policy." *Id.*

Edmundson argues that the arbitration clause is contrary to public policy, or substantively unconscionable, because it contains a class action waiver.[1] Edmonson concedes, however, that such provisions "are not per se unconscionable." R. 45 at 6. In the face of multiple cases enforcing the arbitration clause in Amazon's Conditions of Use, *see* R. 44 at 7-8, Edmundson cites one case refusing to enforce a class action

---

[1] The arbitration clause provides "that any dispute resolution proceedings will be conducted only on an individual basis and not in a class, consolidated or representative action." R. 44-1 at 2 (¶ 6).

4

waiver in a mortgage broker contract. *See Keefe v. Allied Home Mortg. Corp.*, 912 N.E.2d 310 (Ill. 2009). But the court in *Keefe* refused to enforce an arbitration clause because the class action waiver made it cost-prohibitive to arbitrate the plaintiff's claims. By contrast, the arbitration clause in this case provides that Amazon will "reimburse those fees for claims totaling less than $10,000 unless the arbitrator determines the claims are frivolous," and "Amazon will not seek attorneys' fees and costs in the arbitration unless the arbitrator determines the claims are frivolous." *See* R. 44-1 at 2 (¶ 6). These provisions, combined with the provision permitting plaintiffs to proceed in small claims court when available, removes any concern about cost-prohibitive arbitration.

Edmundson also argues that the arbitration clause is against public policy due to "Amazon's non-compliance with its own conditions of use" and "given Amazon's fraudulent and/or deceptive business practices" R. 45 at 10. Edmundson contends that an entity that commits fraud should not be permitted to deprive a plaintiff "of their day in court" by use of an arbitration clause. *Id*. But Edmundson cites no authority that it is proper for the Court to assume the truth of the underlying allegations in determining whether to enforce an arbitration clause. And, generally, unconscionability is concerned with the terms of the arbitration clause itself and whether they prevent plaintiffs from a fair opportunity to achieve relief on their underlying claims. Edmonson makes no argument that the arbitration clause itself is unfair.

## Conclusion

Therefore, Amazon's motion to compel [13] [43] is granted and the case is dismissed without prejudice. *See Wallace v. Grubhub Holdings Inc.*, No. 18 C 4538, 2019 WL 1399986, at *6 (N.D. Ill. Mar. 28, 2019), *aff'd,* 970 F.3d 798 (7th Cir. 2020) (The "general approach" of staying a case in favor of arbitration "has given way in cases where the entire dispute clearly will be decided in arbitration and thus there is no reason to hold on to the case."). Additionally, Amazon's motion to dismiss for failure to state a claim [16] is denied without prejudice as moot.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: September 30, 2020